IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RIKER MCKENZIE-EL, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-25-2144 |
| RICHARD E SOLOMON, et al., | * | |
| Defendants. | * | |
| | * | |

***

**ORDER**

Self-represented Plaintiff Riker McKenzie-El, Jr. filed the above-captioned Complaint on July 2, 2025. (ECF No. 1). The Complaint alleges Defendants Sandra Austin, Charles Brown, Kathleen Collins, Lori Davis-Cross, Asia Lyn Duin, Tristan Jude Duin, Anthony Dunn, Richard R. Gilmartin, Allan Grustikin, Brady Hannan, Byron L Huffman, JP Morgan Chase Bank, National Asset Management Group, Nations Credit Financial Services Corporation, Jim Nguyen, Ketan Parelch, Kevin J. Patrick, Rocket Mortgage, LLC, James Roth, Paul D. Savitsky, Richard E Solomon, and Julie A. Yates unlawfully seized McKenzie-El, Jr.'s home. (Compl. at 9, ECF No. 1).

Federal courts have limited jurisdiction. A federal court may not hear a case or controversy unless it is both constitutionally and statutorily authorized to do so. Kokken v. Guardian Life Ins. Co. of Am., 522 U.S. 375, 377 (1994). Subject-matter jurisdiction cannot be forfeited or waived. In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010). This Court has "an independent obligation to assess its subject-matter jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). The person seeking

to invoke the jurisdiction of the court bears the initial burden of demonstrating that the court has subject-matter jurisdiction over the case. McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Indeed, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

Here, McKenzie-El, Jr. fails to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because he does not allege complete diversity with each named defendant in this case. (Compare Compl. at 7 (identifying McKenzie-El Jr. as a citizen of Maryland) with Compl. at 8 (identifying Defendant Richard E. Solomon as a citizen of Maryland)). Nor does this Court have jurisdiction under 28 U.S.C. § 1331. McKenzie-El, Jr. alleges this Court has federal question jurisdiction based on "the Treaty of Peace and Friendship of 1786/1787/1836 Constitution for the United States, Securities Exchange Commission Rules, Laws, Fraud, Breach of Oath of Office[.]" (Compl. at 7). But no allegation in the Complaint sheds light on how those documents create jurisdiction here. McKenzie-El, Jr. therefore has not pleaded federal question jurisdiction or diversity of citizenship jurisdiction, and the Court will dismiss this case. Accordingly, it is this 11th day of September, 2025, by the United States District Court for the District of Maryland, hereby:

ORDERED that McKenzie-El, Jr.'s Complaint (ECF No. 1) is DISMISSED; and

IT IS FURTHER ORDERED that the Clerk shall CLOSE this case and MAIL a

copy of this order to McKenzie-El, Jr.'s address on record.

                                                                                     /s/
                                          George L. Russell, III
                                          Chief United States District Judge