UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

February 9, 2026

MEMORANDUM TO PARTIES RE:   McKenzie-El v. Solomon, et al.
                              Civil Action No. GLR-25-2144

Dear Parties:

Pending before the Court is self-represented Plaintiff Riker McKenzie-El, Jr.'s Motion to Reopen Case, which the Court construes as a Motion for Reconsideration. (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motion.

**Background**

McKenzie-El, Jr. filed his Complaint on July 2, 2025. (ECF No. 1). The Complaint alleges Defendants Sandra Austin, Charles Brown, Kathleen Collins, Lori Davis-Cross, Asia Lyn Duin, Tristan Jude Duin, Anthony Dunn, Richard R. Gilmartin, Allan Grustikin, Brady Hannan, Byron L Huffman, JP Morgan Chase Bank, National Asset Management Group, Nations Credit Financial Services Corporation, Jim Nguyen, Ketan Parelch, Kevin J. Patrick, Rocket Mortgage, LLC, James Roth, Paul D. Savitsky, Richard E. Solomon, and Julie A. Yates unlawfully seized his home. (Compl. at 9, ECF No. 1). On September 11, 2025, this Court sua sponte dismissed his Complaint because McKenzie El Jr. failed to establish this Court's subject matter jurisdiction over his claims. (Sep. 11, 2025 Order, ECF No. 4). McKenzie El Jr. filed the instant Motion for Reconsideration on November 19, 2025. (ECF No. 10).

**Standard of Review**

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought under Rule 59(e) must be filed within twenty-eight days of the final judgment. Fed.R.Civ.P. 59(e); Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014).

A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017)

(quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation modified). Accordingly, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

### Analysis

Here, McKenzie-El Jr's motion is not timely because it was filed more than thirty days after the order of dismissal. (See ECF No. 10). In any event, even if it were timely, his Motion still fails because McKenzie-El Jr. fails to identify any changes in controlling law, newly discovered evidence, or any clear error by the Court or other injustice that would warrant reconsideration of the Court's September 11, 2025 Order. The Court explained that McKenzie-El Jr. failed to establish diversity of citizenship jurisdiction under 8 U.S.C. § 1332 and that he failed to alternatively establish federal question jurisdiction under 28 U.S.C. § 1331. (Sep. 11, 2025 Order at 1–2). Nothing in McKenzie-El Jr.'s Motion for Reconsideration disturbs this conclusion. In other words, McKenzie-El Jr. fails to provide any factual or legal grounds to warrant reconsideration, and his Motion for Reconsideration will accordingly be denied. See Judge v. Balt. City, No. GLR-14-3117, 2015 WL 11027771, at *1 (D.Md. June 26, 2015), aff'd sub nom., Cornish v. Balt. City, 621 F.App'x 185 (4th Cir. 2015). For these same reasons, McKenzie-El Jr.'s Motion would also fail under Rule 60(b) of the Federal Rules of Civil Procedure which could be filed up to one year after entry of the judgment or order. See Fed.R.Civ.P. 60(b), (c).

Also pending before the Court is McKenzie-El, Jr's Motion to Compel Enforcement of Harvey II Decree. (ECF No. 11). McKenzie-El Jr. cites no legal authority in support of the relief requested and the Court will not make arguments for him. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a pro se litigant). Accordingly, the Court will deny McKenzie-El Jr.'s Motion to Compel (ECF No. 11).

### Conclusion

For the foregoing reasons, it is hereby ORDERED that McKenzie-El Jr.'s Motion for Reconsideration and Motion to Compel are DENIED. (ECF Nos. 10,11). Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to DOCKET it accordingly, MAIL a copy to McKenzie-El Jr. at his address of record, and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge